UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK SPEECH, #609426,

    Plaintiff,                             Hon. Paul L. Maloney

v.                                                Case No. 1:22-cv-404

UNKNOWN KLUDY, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 18). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this action terminated.

## BACKGROUND

The events giving rise to this action occurred while Plaintiff was incarcerated at the Muskegon Correctional Facility (MCF). Plaintiff initiated this action against Officer Unknown Shank and Coordinator Unknown Kludy. In his complaint, Plaintiff alleges the following.

On August 29, 2020, inmate Brown-Mosby "requested sexual favors" from Plaintiff who refused. Brown-Mosby responded by threatening to have Plaintiff's family killed by his prison gang brothers. The following day, Plaintiff reported the

-1-

incident to a fellow inmate who in turn reported the matter to a prison official who initiated a Prison Rape Elimination Act (PREA) investigation.

Plaintiff was subsequently approached by Brown-Mosby who again threatened the lives of Plaintiff's family. Plaintiff reported the matter to Defendant Shank who told Plaintiff that he could either return to his cell and deal with the matter himself or be placed in protective custody. Plaintiff immediately communicated with the PREA hotline to report Shank's indifference. After failing to receive assistance from PREA Coordinator Kludy, Plaintiff reported Kludy's indifference to the PREA hotline.

Defendant Kludy later informed Plaintiff that if he continued making allegations against him, Plaintiff would be transferred away from his family to a facility with "highly predacious" inmates who would "enjoy" sexually assaulting him. Defendant Kludy was subsequently demoted and removed as PREA Coordinator after which Kludy instructed the officers in Plaintiff's housing unit to charge Plaintiff with misconduct violations at every opportunity.

Plaintiff alleges that Defendants Shank and Kludy violated his First and Eighth Amendment rights. On screening, the Honorable Paul L. Maloney dismissed all of Plaintiff's claims save Plaintiff's First Amendment retaliation claim against Defendant Kludy. Defendant Kludy now moves for summary judgment on the ground that Plaintiff has failed to properly exhaust his administrative remedies. Plaintiff has failed to respond to Defendant's motion.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot

merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid.*

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019). The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue. (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff. MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019). The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019). If the prisoner is dissatisfied with the

Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

In support of his motion for summary judgment, Defendant Kludy has submitted evidence demonstrating that Plaintiff failed to exhaust his administrative remedies regarding his retaliation claim. (ECF No. 19-3, PageID.85-94). By failing to respond to Defendant's motion, Plaintiff has failed to present evidence that he pursued any other grievances regarding his retaliation claim or otherwise properly exhausted his administrative remedies regarding such. Accordingly, the undersigned recommends that Defendant Kludy's motion for summary judgment be granted and Plaintiff's retaliation claim against Defendant Kludy be dismissed without prejudice for failure to exhaust administrative remedies.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 18) be granted, Plaintiff's retaliation claim against Defendant Kludy be dismissed without prejudice for failure to exhaust administrative remedies and this action terminated. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                  Respectfully submitted,

Date: May 11, 2023                        /s/ Phillip J. Green
                                                  PHILLIP J. GREEN
                                                  United States Magistrate Judge